**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES D. PHELPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08mc0004** |
| | ) | **Judge Trauger** |
| **JUDGE BEN MCFARLIN, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Rutherford County Work Center in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983, naming General Sessions Judge Ben McFarlin and the County of Rutherford as defendants.

Owing to its brevity, the statement of facts in the complaint is quoted below in its entirety:

> On July 19th 2007, I appeared before Judge McFarlin and was sentenced to 90 day at the Workhouse in which was not my sentence to be served. I completed this sentence in full capacity Aug 29, 2007, during this time I pleaded with jail officials that this sentence was given in error because of not checking social security number and birth day, we both had similar name, he was white male and I black male, the sentence was violation of probation second offense which was automatic 90 day sentence, copies of sentencing order, and judges retraction of amending order is attached. On the sentence that I am serving presently judge brought me to court and given me those 90 days I served in error, to lessen my unrelated charge, that do not satisfy me, of time I removed from my job and family[.]

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*,

436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff's claim against Judge McFarlin is that Judge McFarlin mistakenly sentenced him to 90 days in the county Workhouse. Even taking the plaintiff's claim as true, "[f]ew doctrines [are] more solidly established . . . than the immunity of judges from the liability for damages for acts committed within their judicial jurisdiction." *See Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 wall. 335, 20 L.Ed. 646 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(*per curiam*).

Notwithstanding the foregoing, the Supreme Court has held that judicial immunity may be overcome in two instances. In the first instance, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions taken outside the judge's judicial capacity. *Mireles*, 502 U.S. at 11 (citing *Forrester v. White* 484, U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). To determine whether an act is in the judge's judicial capacity, the Supreme Court has established a two-part test. The first part of the Supreme Court's two-part test is to determine whether the function is one "normally performed by a judge." *Stump*, 435 U.S. at 362. This so-called functional approach examines the nature and function of the act, not the act itself. *Mireles*, 502 U.S. at 13 (citation omitted). The second part of the Supreme Court's two-part test is to "assess

2

whether the parties dealt with the judge in his or her judicial capacity." *Stump*, 435 U.S. at 362.

The second instance in which a judge is not immune involves those actions, although judicial in nature, that are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 356-357 and *Bradley*, 13 Wall. at 351). In other words, even if a judge's actions are judicial in nature, the judge may not be entitled to immunity if he had no jurisdiction to take the actions challenged.

With respect to the first instance described by the Supreme Court, sentencing clearly is a function performed by judges. Moreover, it is apparent from the complaint that Judge McFarlin dealt in his judicial capacity with the plaintiff. Therefore, the first instance in which a judge would not be entitled to absolute immunity does not pertain to Judge McFarlin's alleged actions.

As to the second instance described by the Supreme Court, the plaintiff does not allege, nor can it be liberally construed from the complaint or attached documents, that Judge McFarlin was acting outside the bounds of his jurisdiction. Consequently, the second instance also does not apply to Judge McFarlin's alleged actions.

For the reasons explained above, Judge McFarlin is immune from suit. Because Judge McFarlin is immune from suit, the plaintiff's claims against him will be dismissed for failure to state a claim on which relief may be granted.

Turning to defendant County of Rutherford, the plaintiff provides no factual allegations whatsoever against the County in the statement of facts. Neither is the court able to liberally construe any allegations against the County from the complaint or attached documents.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading

3

essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Finally, conclusory claims are subject to *sua sponte* dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

Because the plaintiff provides no factual allegations against the County of Rutherford, his claims against the County fail to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 1. For the reasons explained above, the plaintiff's claims against the County of Rutherford also are conclusory. For these reasons, the plaintiff's claims against the County of Rutherford will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge

4